1

2

3

4

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

5

6

7

8

9

10

11

12

BARRY JAMERSON,

Petitioner,

vs.

KEVIN CHAPPELL, Warden,

Respondent.

Case No:  C 13-03525 SBA (PR)

**ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT**

13

14

15

16

17

18

19

        Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus.  The Court directed Respondent to file an answer to the petition.  Respondent initially filed a motion to dismiss the petition on the grounds that it is a second or successive petition.  Dkt. 9.  Respondent filed a request to withdraw the motion.  Dkt. 11.  On May 22, 2014, the Court granted Respondent's request to withdraw the motion and also granted Respondent an extension of time to file an answer.  Dkt. 13.  Respondent has since filed an answer, and Petitioner has filed a traverse.  Dkts. 14, 15.

20

21

        On December 18, 2014, Petitioner filed a Notice of Change of Address, which indicates that his new address is 110 Roundtree Court in Sacramento, California 95831.

22

23

24

25

26

27

28

        On December 26, 2014, Respondent filed a request to deny the petition as moot because Petitioner has been released from prison.  Dkt. 17 at 2.  In addition to relying on Petitioner's Notice of Change of Address, Respondent has confirmed Petitioner's release by attaching two documents.  Resp't Exs. 1, 2.  The first is entitled, "Board of Parole Hearings Miscellaneous Decisions," which indicates that Petitioner was found suitable for parole on July 16, 2014 and that on December 1, 2014 the Governor decided not to reverse the

Board's decision.  Resp't Ex. 1.  The second is a form entitled "External Movements," which indicates that Petitioner was "paroled" on December 19, 2014.  Resp't Ex. 2.

It appears that the instant petition may be subject to dismissal as moot.  Specifically, Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted).  The challenge of an incarcerated convict to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction.  Id.  Once the sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration—some "collateral consequence" of the conviction—must exist if the suit is to be maintained and not considered moot.  Id.   Under these legal principles, the instant petition may well be moot unless Petitioner can show he suffers from such collateral consequences.

Accordingly, the Court hereby directs Petitioner to show cause why the instant petition should not be dismissed as moot.  Within **twenty-eight (28) days** of the date this Order is filed, Petitioner shall file his response with the Court and serve it on Respondent's counsel.  Respondent shall file a reply to the response within **seven (7) days** of the date the response is filed.  **Should Petitioner fail to file a timely response, the petition will be dismissed as moot.**

The Clerk of the Court shall serve a copy of this Order on Petitioner at his aforementioned address in Sacramento.

IT IS SO ORDERED.

Dated:  January 13, 2015

SAUNDRA BROWN ARMSTRONG
United States District Judge