UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BARRY JAMESON,

          Petitioner,

     vs.

KEVIN CHAPPELL, Warden,

          Respondent.

Case No:  C 13-03525 SBA (PR)

**ORDER DISMISSING PETITION AS MOOT; AND DENYING CERTIFICATE OF APPEALABILITY**

       Petitioner Barry Jameson, a former state prisoner, filed a pro se habeas petition in this Court to challenge his putative classification as a Mentally Disordered Offender ("MDO"), as defined in California Penal Code § 2962.  Respondent has filed an Answer to the Petition.  For the reasons set forth below, the Court dismisses the Petition as moot.

# I.    **BACKGROUND**

       On July 30, 2013, Petitioner filed the instant habeas action, claiming that his apparent classification as an MDO violated his due process rights by failing to afford him a hearing, as specified in California Penal Code § 2966.  Dkt. 1 at 9, 12-13.  He also alleges that the Board of Parole Hearings ("Board") improperly denied parole based on findings regarding his mental state.  Dkt. 1 at 7-9.[1]

       At the time Petitioner filed this action, he was incarcerated at San Quentin State Prison.  Petitioner was subsequently granted parole and released from custody on or about December 19, 2014.  Petitioner confirmed his release by filing a Notice of Change of Address, indicating that his new address is 110 Roundtree Court in Sacramento, California

---

[1] Petitioner does not specify the date of the challenged parole denial; however, the Court notes that his request for a hearing under California Penal Code § 2966 was sent to the Board on December 28, 2012.  Dkt. 1-1 at 4-5.  Since that request would have been made after the denial of parole, it appears that the Board denied parole in 2012.

95831.  Consequently, on January 13, 2015, the Court directed Plaintiff to show cause why the instant petition should not be dismissed as moot.  Dkt. 18.

In its Order to Show Cause, the Court explained that Article III § 2 of the United States Constitution requires the existence of a case or controversy through *all stages* of federal judicial proceedings.  Dkt. 18 at 2 (emphasis added).  The Court further explained that challenges by an incarcerated convict to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction.  Id. at 2 (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  "Once the sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained and not considered moot."  Id.  Thus, the Court determined that, "[u]nder these legal principles, the instant petition may well be moot unless Petitioner can show he suffers from such collateral consequences."  Id. at 2.  Petitioner filed a response to the Court's Order to Show Cause, and Respondent filed a reply thereto.  Dkts. 19, 21.

## II.    **DISCUSSION**

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies.  Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983).  Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision.  Id.  A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003), such as where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus, Burnett v. Lampert, 432 F.3d 996, 1000-1001 (9th Cir. 2005).  A moot petition must be dismissed because nothing remains before the Court to be remedied.  Spencer, 523 U.S. at 18.

Here, federal habeas relief is not available for alleged errors in state law governing when a hearing must be conducted if a prisoner seeks to contest his designation as a MDO. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Therefore, only Petitioner's claim that he was denied due process at his 2012 parole hearing is potentially cognizable in his habeas proceeding.  However, his claim challenging the Board's 2012 decision has been rendered moot by the Board's subsequent decision in 2014 finding him suitable for release on parole. As a result, the alleged injury—a constitutionally deficient parole suitability hearing— cannot be redressed effectively with a new parole hearing because Petitioner has already received such relief from the Board.  The instant petition has thus lost its character as a present, live controversy because the alleged injury cannot be redressed by a favorable judicial decision against the Board.  See Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988) (habeas challenge to denial of parole will become moot if petitioner is released on parole before court considers petition).

In his response to the Court's Order to Show Cause, Petitioner confirms that he was released on parole on December 19, 2014.  Dkt. 19 at 2.  However, he argues that the petition should not be dismissed as moot due to his release because he purports to be a "spokesperson" for the thousands of prison inmates who are still subject to the Board's allegedly improper reliance on inmates' mental state to deny parole.  Id. at 2.  However, Petitioner's desire to be a "spokesperson" of others has no bearing on whether *his* petition is now moot because *he* has been paroled.  In any event, because this is a habeas proceeding and not a civil class action, Petitioner is not in a position to represent the interests of other, similarly-situated individuals.  But even if this were a class action, Petitioner cannot represent a class, given that his claim is moot.  See Douglas v. U.S. Dist. Court for Cent. Dist. of Calif., 495 F.3d 1062, 1069 (9th Cir. 2007) (holding that a plaintiff whose individual claim was rendered moot by an arbitration award "would lose his status as class representative because he would no longer have a concrete stake in the controversy.").

Alternatively, Petitioner claims he could "be returned to custody for the minutest [sic] of infractions," and would then appear in front of the Board "that will once again

make him a psychiatric prisoner without any of the required due process safeguards." Dkt. 19 at 5.  Liberally construed, Petitioner appears to argue that his claim falls within the "capable of repetition yet evading review" exception to the mootness doctrine based upon the possibility that his parole could be revoked.  To qualify for this narrow exception, Petitioner must demonstrate that: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Murphy v. Hunt, 455 U.S. 478, 482 (1982).

It is arguable that the first prong of the foregoing test can be satisfied, as it is difficult for a prisoner to complete state exhaustion and obtain a ruling on the merits on a subsequent federal habeas petition in the short time frame (i.e., one to three years) between parole hearings.  Nevertheless, Petitioner has not shown that there is a "reasonable expectation" that he will be subjected to the same injury again.  As mentioned above, Petitioner's injury in this instant action stems from the Board's 2012 decision finding him unsuitable for parole.  In light of the Board's 2014 decision finding him suitable for parole and his eventual release, Petitioner has no real expectation that he will be subjected to the same injury as alleged in the instant action.  Moreover, the possibility of parole revocation does not present a situation which is "'capable of repetition, yet evading review'" such that the doctrine of mootness may not apply.  Brady v. United States Parole Comm'n, 600 F.2d 234, 236 (9th Cir. 1979) (citations omitted); see also Burnett v. Lampert, 432 F.3d 996, 999-1001 (9th Cir. 2005) (finding habeas petition still moot after petitioner violated parole and was reincarcerated).  Finally, even if the relief Petitioner sought could have resulted in the possible earlier termination of parole supervision, the mootness doctrine would still be applicable.  See Fendler, 846 F.2d at 555 (rejecting claim of exception to mootness by federal prisoner who could seek review of his eligibility for early termination of parole by applying to the parole commission).

Accordingly, the instant petition is DISMISSED as moot.

III.    **CONCLUSION**

For the foregoing reasons, the Court finds that the Board's 2014 decision to grant Petitioner parole and his eventual release have rendered moot the instant action challenging the Board's 2012 decision to deny him parole.  The instant action is DISMISSED as moot.

Further, a certificate of appealability is DENIED.  Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all remaining pending motions as moot, including Petitioner's Motion for Permission for Electronic Case Filing (dkt. 20), and close the file.

This Order terminates Docket No. 20.

IT IS SO ORDERED.

Dated:  5/14/15

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.13\Jameson3525.dismASmoot_rev.docx